UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JACOB SAHLHOFF, | )<br>) |
| Plaintiff | )<br>) |
| vs. | ) CAUSE NO. 3:14cv1790RLM-CAN<br>) |
| GURLEY-LEEP AUTOMOTIVE<br>MANAGEMENT CORP, et al., | )<br>)<br>) |
| Defendants | ) |

OPINION AND ORDER

Jacob Sahlhoff sues two defendants collectively called "Gurley-Leep" in this opinion. He contends that he worked for Gurley-Leep as an automobile salesman and that Gurley-Leep retaliated against him in violation of, and interfered with his rights under, the Family Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* Gurley-Leep moves to dismiss Mr. Sahlhoff's complaint for failure to state a claim. Because the amended complaint contains nothing from which it could be inferred that Mr. Sahlhoff suffered from a serious health condition within the meaning of the FMLA or that he engaged in activity protected by the FMLA, the court grants Gurley-Leep's motion and dismisses the complaint with leave to amend.

The defendants move under Federal Rule of Civil Procedure 12(b)(6) to dismiss the amended complaint for failure to state a claim. To state a claim, a complaint need only contain a short and plain statement showing that the plaintiff is entitled to relief. *See* EEOC v. Concentra Health Servs., Inc., 496 F.3d 773, 776

(7th Cir. 2007). In ruling on a Rule 12(b)(6) motion, the court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in favor of the non-moving party. *See* Hecker v. Deere & Co., 556 F.3d 575, 580 (7th Cir. 2009). A complaint survives a motion to dismiss under Rule 12(b)(6) if it contains sufficient factual allegations to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Adams v. City of Indianapolis, 742 F.3d 720, 728 (7th Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (ellipsis in original).

The court's understanding of the facts comes from Mr. Sahlhoff's amended complaint; no alternative set of facts is in the record. Mr. Sahlhoff was working for Gurley-Leep when he started having severe headaches centralized around his right eye in March 2012 (all dates discussed were in 2012). Gurley-Leep discouraged him from seeing a doctor, and encouraged him to work despite the pain. When Mr. Sahlhoff sought medical help in May, the eye doctors found nothing wrong but recommended more testing. Gurley-Leep discouraged him from seeking more medical treatment and belittled his ability to work through pain, so Mr. Sahlhoff

worked through the pain, even working overtime, and delayed further testing or treatment. As the pain worsened, though, he decreased his overtime.

On July 6, Gurley-Leep fired Mr. Sahlhoff because he wasn't "committed to the job." In August, doctors determined the reason for Mr. Sahlhoff's pain: he had cancer in his right eye tear duct, and eventually had his right eye surgically removed.

Mr. Sahlhoff's amended complaint doesn't state a claim upon which relief can be granted. It omits allegations from which various elements of his FMLA claims can be inferred; with respect to some elements, the amended complaint's allegations are inconsistent with the elements of an FMLA retaliation or interference claim.

An FMLA interference claim requires (a) a plaintiff eligible for FMLA protection, (b) an employer covered by the FMLA, (c) a plaintiff entitled to FMLA leave, (d) sufficient notice to the employer to take leave, and (e) a denial by the employer of FMLA benefits to which the plaintiff was entitled. Scruggs v. Carrier Corp., 688 F.3d 821, 825 (7th Cir. 2012). To be entitled to FMLA leave, the employee must have suffered from a serious health condition that left him unable to perform the functions of his job. Ames v. Home Depot U.S.A., Inc., 629 F.3d 665, 669 (7th Cir. 2011). A "serious health condition: is one that involves inpatient care in a facility of some sort or continuing treatment by a health care provider. 29 U.S.C. §2611(11); Burnett v. LFW, Inc., 472 F.3d 471, 478 (7th Cir. 2006).

Without a "serious health condition" within the meaning of the FMLA, an employee isn't entitled to FMLA leave, and so can't succeed on a FMLA interference claim. Mr. Sahlhoff's amended complaint alleges in ¶28 that he had a "serious health condition" within the meaning of the FMLA, but courts don't take legal conclusions in a complaint as true. *See* Redd v. Nolan, 663 F.3d 287, 292 (7th Cir. 2011)

Mr. Sahlhoff says his amended complaint alleges a serious health condition because serious headaches can constitute a serious health condition. That proposition no doubt is true, but the cases Mr. Sahlhoff cites demonstrate the difference between such a case and his own case. In Hendry v. GTE North, Inc., 896 F. Supp. 816, 827 (N.D. Ind. 1995), the court denied summary judgment for the employer on an FMLA claim when the record allowed a finding that the plaintiff had received continuing medical care for her migraines, and a finding that she was unable to perform her job when the migraines struck. Similarly, in Kennedy v. United States Postal Svc., Cause No. 2:10cv0279-PPS-PRC, doc. 159 at *14 (N.D. Ind. Mar. 17, 2014), summary judgment was denied because there was "evidence that Kennedy's migraines, for which she repeatedly saw a doctor, rendered her unable to perform her job duties."

Mr. Sahlhoff's amended complaint doesn't allege anything that would support, even when viewed in the light most favorable to him, an inference that he underwent inpatient care in any facility or continuing treatment. The amended

4

complaint contains allegations that contravene the existence of a serious health condition within the meaning of the FMLA: he always returned to work, put in overtime, and let several weeks pass without seeking medical care or testing.

The amended complaint doesn't allege that Mr. Sahlhoff was entitled to FMLA leave, because entitlement requires a serious health condition. Without allegations that would allow an inference that Mr. Sahlhoff was entitled to FMLA leave, the amended complaint states no claim upon which relief can be granted.

Mr. Sahlhoff's retaliation claim would also fail on the facts alleged in, or inferable from, the amended complaint. An FMLA retaliation claim can be proven either through a direct method of proof or an indirect method of proof; Mr. Sahlhoff's response to Gurley-Leep's motion directs the court to the direct method. To prevail on an FMLA retaliation claim under that method, an employee must show that (a) he engaged in a protected activity, (b) the employer took an adverse employment action — such as denying leave or termination — against him, and (c) a causal connection exists between (a) and (b). <u>Langenbach v. Wal-Mart Stores, Inc.</u>, 761 F.3d 792, 799 (7th Cir. 2014); <u>Cracco v. Vitran Express, Inc.</u>, 559 F.3d 625, 663 (7th Cir. 2010).

Nothing in the amended complaint would allow an inference that Mr. Sahlhoff notified Gurley-Leep of any serious medical need. The complaint alleges Gurley-Leep's awareness that Mr. Sahlhoff suffered from headaches — according to the amended complaint, Gurley-Leep personnel mocked Mr. Sahlhoff's pain and

his ability to work through it, and discouraged him from seeking medical care. But the amended complaint makes repeated reference to Mr. Sahlhoff's cancer diagnosis: if Gurley-Leep fired Mr. Sahlhoff because his cancer led Gurley-Leep's decision-maker to believe Mr. Sahlhoff he wasn't "committed to the job," a retaliation claim likely would have been alleged. The amended complaint forecloses that scenario when it alleges that Mr. Sahlhoff learned in August — not until about a month after he was fired — that he had cancer. In July, Gurley-Leep couldn't have known more than that Mr. Sahlhoff had worsening headaches; that's all Mr. Sahlhoff knew himself. As the court of appeals explained in <u>Aubuchon v. Knauf Fiberglass GmbH</u>, 359 F.3d 950, 952 (7th Cir. 2004), "If you have brain cancer but just tell your employer that you have a headache, you have not given the notice that the Act requires." *See also* <u>Spurling v. C & M Fine Pack, Inc.</u>, 739 F.3d 1055, 1063 (7th Cir. 2014) ("Spurling's statement to Bellant on April 16 (and prior to her medical evaluation), was simply that she needed time off to figure out why she was falling asleep. Given the circumstances of this case, this can hardly be deemed as notifying C & M of a 'serious health condition.'").

For all these reasons, the complaint must be dismissed for failure to state a claim on which relief can be granted, so the court GRANTS the defendant's motion to dismiss (doc. #25). The court will give Mr. Sahlhoff 21 days from the date of this order within which to file an amended complaint. Should he choose not to do so, judgment will be entered for Gurley-Leep.

ENTERED:   September 28, 2015

				/s/ Robert L. Miller, Jr.
			Robert L. Miller, Jr., Judge
			United States District Court